WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert E Bennett, et al., | No. CV-19-08001-PCT-MTL |
| Plaintiffs, | **ORDER** |
| v. | **NOT FOR PUBLICATION** |
| City of Kingman, et al., | |
| Defendant. | |

**I**

The Court previously granted, in part, the City of Kingman's (the "City") Motion for Summary Judgment. (Doc. 61.) Summary judgment was granted on Plaintiffs' federal law claims and the state law claims were remanded to Arizona Superior Court. (*Id.*) Plaintiffs' dispositive motions were denied. (*Id.*) The Clerk of Court entered judgment in the City's favor. (Doc. 62.) Two weeks later, Plaintiffs filed a notice of appeal. (Doc. 64.) Plaintiffs also filed a Motion for a New Trial and a Motion for Recusal. (Doc. 63) Then they filed a Motion for Reconsideration. (Doc. 68.) The City filed a response in opposition to each of the Motions. (Doc. 69.) Plaintiffs did not file a reply brief.

**II**

**A**

Plaintiffs did not have a trial because summary judgment was granted in the City's favor. The Court, therefore, construes the Motion for New Trial as a motion seeking relief under Rules 59(e) and 60, Fed. R. Civ. P. This motion, along with the Motion for

Reconsideration, do not identify any recognized justification for granting Plaintiffs' requested relief. Instead, the motions re-assert arguments and repeat contentions that the Court already rejected. They are rejected again.

Beyond this, Plaintiffs argue in their Motion for Reconsideration that they will not receive a fair trial in the state court system. They contend that the Superior Court in Mohave County is corrupt. Plaintiffs identify a decades-old inactive case they filed against the Lake Havasu City. Plaintiffs are not happy with the result in that case. The Court concludes that this reason is not a legitimate justification for granting reconsideration.

The Court agrees with the City that Plaintiffs' Motion for Reconsideration is untimely under LRCiv 7.2(g)(2). It was due on June 29, 2021 but was not filed until July 8. The Motion for Reconsideration is rejected for this alternative basis.

**B**

Plaintiffs do not identify or assert any legal authority supporting their Motion for Recusal. To the extent that Plaintiffs move for judicial recusal, the Court will first analyze that motion as one for disqualification pursuant to 28 U.S.C. § 455(b)(1). That statute provides a judge should disqualify him or herself when he or she "has a personal bias or prejudice concerning a party . . . ." To summarize Plaintiffs' arguments, this Judge should be disqualified because they allege [i] his prior employment with the State of Arizona renders him biased in favor of city governments, [ii] this Judge is friends with Plaintiffs' former lawyer, and [iii] the Judge has manufactured evidence to influence the Ninth Circuit.

The test for judicial disqualification asks whether a judge's impartiality "might be questioned from the perspective of a reasonable person." Charles Gardner Geyh, *Judicial Disqualification: An Analysis of Federal Law* 18 (2d ed. 2010). Plaintiffs' arguments are conclusory, speculative, and they lack any substantive basis supporting a plausible conclusion of bias or prejudice. Plaintiffs' proffered reasons fail the reasonable person test.

Disqualification under 28 U.S.C. § 144 is not appropriate here for two reasons. First, the Motion is not timely as it was brought after the Court resolved the parties' dispositive

motions. Plaintiffs' reasons for disqualification were known to them and could have been asserted prior to the dispositive motion deadline. Second, the Motion fails to satisfy the procedural requirements of that statute. It does not include an affidavit stating "the facts and reasons for the belief that bias or prejudice exists . . . ." 28 U.S.C. § 144.

### III

Accordingly,

1. Plaintiffs' Motion for a New Trial and Motion for Recusal is **DENIED**. (Doc. 63.)

2. Plaintiffs' Motion for Reconsideration is **DENIED**. (Doc. 68.)

Dated this 27th day of August, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge